**Hotman–Efendy SIMBOLON,**
**Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney**
**General, Respondent.**

**No. 07–72019.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 20, 2009.*

Filed Aug. 31, 2009.

Houman Varzandeh, VHF Law Group, LLP, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Andrew B. Insenga, Trial, M. Jocelyn Lopez Wright, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Hotman–Efendy Simbolon, a native and citizen of Indonesia, seeks review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal,

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

relief under the Convention Against Torture ("CAT"), and denying his motion to remand proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, *see Hoxha v. Ashcroft,* 319 F.3d 1179, 1182, n. 4 (9th Cir.2003) and denials of motions to remand for abuse of discretion, *see Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the agency's finding that Simbolon did not show changed circumstances to excuse the late filing of his asylum application. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4).

■ In addition, even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004) applies to Simbolon, a Seventh Day Adventist Christian, he has not demonstrated the requisite individualized risk of persecution. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc) ("no evidence that [petitioner] has been, or is likely to be, specifically targeted for persecution by any individual or group in Indonesia" and nothing "suggests that [petitioner's] fears are distinct from those felt by all other [ ] Christians in Indonesia."). Finally, on the record, Simbolon failed to establish a pattern or practice of persecution of Christians in Indonesia. *See Wakkary v. Holder,* 558 F.3d 1049, 1060–61 (9th Cir.2009); *cf. Lolong,* 484 F.3d at 1180–81.

■ Furthermore, substantial evidence supports the BIA's denial of CAT relief because Simbolon failed to establish it is more likely than not he would be tortured if returned to Indonesia. *See Singh v.*

*Gonzales,* 439 F.3d 1100, 1113 (9th Cir. 2006).

Finally, the BIA did not abuse its discretion in denying Simbolon's motion to remand proceedings because he failed to present previously unavailable, material evidence to warrant a remand. *See* 8 C.F.R. § 1003.2(c)(1).

**PETITION FOR REVIEW DENIED.**